UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

NATHANIEL C. SWEET, SR.,

    Petitioner,

v.        Case No. 5:03-cv-257-Oc-10GRJ

JAMES CROSBY, et al.,

    Respondents.
_____

## ORDER OF DISMISSAL

Petitioner initiated this case by filing a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1). The Respondent filed a Response suggesting that the Petition should be dismissed as time-barred (Doc. 4). The Petitioner did not file a reply to the Response. For the following reasons, the Court concludes that the Petition must be dismissed.

## State Proceedings

Petitioner challenges his 1998 Marion County guilty-plea convictions and sentences for one count of attempted second degree murder and one count of aggravated assault with a firearm. App. at C & D. Petitioner received concurrent sentences of 12.7 years followed by 10 years of probation. The convictions were entered on August 14, 1998, and Petitioner did not file a direct appeal. Petitioner sought post-conviction relief by way of a motion to correct illegal sentence under Fla. R. Crim. P. 3.800(a), filed on July 24, 2000. Id. tab E. On April 30, 2001, the trial

court granted relief and resentenced Petitioner to concurrent terms of 11.479 years followed by 10 years of probation. Id. tab H. On July 2, 2002, Petitioner filed a motion for post-conviction relief under Rule 3.850. Id. tab I. On September 10, 2002, the trial court granted relief and resentenced Petitioner to 9.7-year sentences and sentences of probation. Id. tabs M & N. The appellate court affirmed the trial court's order on October 29, 2002; rehearing subsequently was denied. Id. tabs R, S, & T.

Petitioner thereafter pursued Rule 3.800(a) relief again in the trial court on December 23, 2002; the trial court again amended Petitioner's sentence by deleting the term of probation as to Count II. Id. tabs U, X. On April 2, 2003, Petitioner filed another Rule 3.800(a) motion; that motion was denied on June 24, 2003. Id. tabs Y, AA. The instant Petition was delivered to prison officials for mailing on July 7, 2003.

## One-Year Limitation

Petitioners whose convictions became final after the effective date of the AEDPA have a one-year period within which to seek federal habeas corpus review of their convictions. The one-year limitations period begins to run, *inter alia*, from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review[.]"[1] The one-year limitations period is statutorily tolled during the pendency of a properly-filed state application for post

---

[1] 28 U.S.C. § 2244(d)(1).

conviction relief, and may be equitably tolled in appropriate "extraordinary circumstances."[2]

Petitioner's conviction was entered on August 14, 1998. Because he did not file a direct appeal, his conviction became final thirty days later, on September 14, 1998.[3] Therefore, absent any state court post-conviction proceeding that would have tolled the federal limitations period,[4] Petitioner had until September 14, 1999, to timely file his federal habeas corpus petition, and the instant Petition, filed on July 7, 2003, is untimely. The Petitioner did not file any application for state post-conviction relief until July 24, 2000, after the federal limitations period expired, and thus his post-conviction state-court filings did not serve to toll the limitations period.[5] Petitioner makes no argument that he is entitled to any equitable tolling of the limitations period.

## Conclusion

For the reasons set forth in this Order, the Petition is **DISMISSED as time-barred**. The Clerk is directed to enter judgment dismissing this case with prejudice,

---

[2] 28 U.S.C. § 2244(d)(2); Steed v. Head, 219 F.3d 1298, 1300 (11th Cir. 2000).

[3] The thirtieth day, September 13, 1998, was a Sunday.

[4] 28 U.S.C. § 2244(d)(2).

[5] See 28 U.S.C. § 2244(d)(2); Tinker v. Moore, 255 F.3d 1331, 1333 (11th Cir. 2001).

terminate any pending motions, and close the file.

**IT IS SO ORDERED.**

**DONE AND ORDERED** at Ocala, Florida, this 10th day of May 2006

_____
UNITED STATES DISTRICT JUDGE

c: Nathaniel C. Sweet, Sr.
   Respondent